# United States Court of Appeals
## For the First Circuit

No. 03-2340

UNITED STATES OF AMERICA,

Appellee,

v.

JEFFREY D. STEARNS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, Senior U.S. District Judge]

Before

Lynch, Circuit Judge,

Cyr, Senior Circuit Judge,

and Howard, Circuit Judge.

Neal K. Stillman for appellant.
F. Mark Terison, Senior Litigation Counsel, with whom Paula D.
Silsby, United States Attorney, was on brief for appellee.

November 1, 2004

**CYR, <u>Senior Circuit Judge</u>**.  Jeffrey D. Stearns appeals from the guidelines sentence imposed upon his conviction for possession of a firearm by a felon, contending that the district court erroneously categorized him as an armed career criminal when it refused to count as one crime his prior convictions for two burglaries committed against the same victim on consecutive days. Finding no error, we affirm.

I

<u>BACKGROUND</u>

In October 2001, Stearns was arrested and charged as a felon in possession of firearms.  <u>See</u> 18 U.S.C. § 922(g)(1).  After Stearns pled guilty, the government urged the court to enhance his sentence under the armed career criminal provision, <u>see</u> U.S.S.G. § 4B1.4; 18 U.S.C. § 924(e)(1) (ACCA), citing his prior convictions for a robbery in 1975 and three burglaries in 1979.  U.S.S.G. § 4B1.4(a) provides that "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal," and subsection 924(e) provides, in pertinent part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed <u>on</u> <u>occasions</u> <u>different</u> <u>from</u> <u>one</u> <u>another</u>, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend

-2-

the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1) (emphasis added).

Stearns responded that the two burglaries he committed at the same warehouse on consecutive days in 1979 were not actually committed "on occasions different from one another" because (i) his former employer had asked him to remove the inventory from its warehouse as part of a scheme to defraud the employer's insurance company, and thus the individual burglaries were mere steps in the commission of a single offense; and (ii) the victim of both crimes was the same (viz., his former employer's insurer), which should foreclose any inference that the two burglaries were discrete ACCA "occurrences."

The district court declined to conduct an evidentiary hearing, holding that the two burglaries were to be considered distinct "occasions" under the ACCA. Then, applying the armed career criminal enhancement, the district court sentenced Stearns to 150 months' imprisonment. Stearns appeals.

## II

## DISCUSSION

First, Stearns contends that the district court erred in refusing to convene an evidentiary hearing to determine the particular factual circumstances surrounding the two 1979 robberies, and whether he committed them as part of a single,

-3-

integrated criminal scheme which should be treated as one "occasion" for purposes of the ACCA. In the alternative, Stearns argues that the fact that there was but one victim of the burglaries should preclude their being counted separately. Following oral argument, Stearns submitted a letter to the court, contending that the Supreme Court's ruling in <u>Blakely</u> v. <u>Washington</u>, 124 S. Ct. 2531, 2537 (2004) (holding that a sentence enhanced under the Washington State sentencing guidelines violated the Sixth Amendment because the enhancement relied on factual findings neither admitted by the defendant nor found by the jury), presented a distinct ground for vacating the sentence. We permitted the parties to submit supplemental briefs on the <u>Blakely</u> issue.

Although the Supreme Court has decided to expedite its review of the issue of <u>Blakely</u>'s impact <u>vel</u> <u>non</u> upon the federal sentencing guidelines, we need not await its disposition before rejecting the <u>Blakely</u> argument in the instant case. First, Stearns did not present a Sixth Amendment-based challenge to the district court's § 4B1.4 enhancement, and thus the issue has been forfeited for purposes of appeal. <u>See</u> <u>United States</u> v. <u>Cordoza-Estrada</u>, ___ F.3d ___, ___ (1st Cir. 2004) [No. 03-2666, 2004 WL 2179594, at *3 (1st Cir. Sept. 29, 2004)] (noting that <u>Blakely</u> objection had been forfeited for failure to present it to the trial court); <u>United States</u> v. <u>Savarese</u>, ___ F.3d ___, ___ (1st Cir. 2004)[No. 04-1099,

2004 WL 2106341, at *5 (1st Cir. Sept. 22, 2004)] (same); <u>United States</u> v. <u>Morgan</u>, ___ F.3d ___, ___ (1st Cir. 2004) [No. 03-1768, 2004 WL 1949061, at *5 (1st Cir. Sept. 2, 2004)] (same). Normally, we review forfeited claims for plain error only, and will not vacate a sentence unless we find (i) error, (ii) which is plain, and (iii) affects the defendant's substantial rights. <u>See</u> <u>Morgan</u>, ___ F.3d at ___ [No. 03-1768, 2004 WL 1949061, at *5]. Even then, however, we will determine whether to exercise our discretion to notice a forfeited error only where it seriously affected the fairness, integrity, or public reputation of the trial process. <u>See</u> <u>id.</u>

Applying these standards, we discern no plain error. There are but two findings of fact which could conceivably have triggered the <u>Blakely</u> holding in the instant case: (i) whether the two burglaries constitute prior convictions for crimes of the type counted under the ACCA, <u>viz.</u>, "a violent felony or a serious drug offense"; and (ii) whether the particular circumstances in these two burglaries – his former employer's alleged insurance fraud scheme – would suggest that the burglaries were part of a single "occasion" under the ACCA.

As to the former finding, in the district court Stearns did not dispute that he was convicted of the two burglaries, nor that the burglaries were the type of "violent felony" countable under the ACCA. Moreover, had he posed such a dispute, the <u>Blakely</u>

-5-

decision does not encompass sentencing enhancements based upon "the fact of prior conviction," which is not the type of circumstance which the Sixth Amendment mandates be determined by a jury, rather than the sentencing court. See Cordoza-Estrada, ___ F.3d at ___ [No. 03-2666, 2004 WL 2179594, at *3 (1st Cir. Sept. 29, 2004)] ("Blakely did not disturb the distinction between 'the fact of a prior conviction' and other facts that 'increase the penalty for a crime beyond a prescribed maximum.'"). In addition, even if "the fact of prior conviction" were not already beyond the ambit of Blakely, in the Stearns indictment the government listed the two prior burglary convictions as ACCA predicate offenses, and the Stearns guilty plea would constitute an admission of fact which independently removed his case from the operation of Blakely. See United States v. Saldivar-Trujillo, 380 F.3d 274, 279 (6th Cir. 2004) (noting that Blakely does not apply to "facts . . . admitted by the defendant") (citing Blakely, 124 S. Ct. at 2537).

As concerns any alleged "factual" finding relating to whether the particular circumstances which obtained in the two Stearns burglaries would demonstrate that they constituted one "occasion," we discern no plain error. In denying Stearns' request for an evidentiary hearing on this issue, the district court cited Taylor v. United States, 495 U.S. 575 (1990), for the proposition that district courts normally should not look beyond the indictment when determining whether a prior conviction is the type countable

-6-

under the ACCA. Whether or not the district court's <u>Taylor</u> citation is entirely apposite, an issue upon which we express no opinion,[1] the record demonstrates that Stearns affirmatively accepted the district court's ruling, thereby waiving any initial request for such an evidentiary hearing. Stearns' counsel stated: "So I agree with the Court, my better argument is not, let's find out what happened 13 years ago when this burglary took place. <u>You can't do that</u>." (Emphasis added.). Stearns, through his counsel, then focused on a different argument that did not require further factfinding, <u>viz.</u>, whether the facts that the burglaries were committed against the same victim and on consecutive days – both undisputed historical facts – prevented the court from considering them as separate "occasions." Even if we were to accept the dubious proposition that the evidentiary hearing proposed by Stearns would have resulted in district court "factfinding" which somehow implicated <u>Blakely</u>, that issue was affirmatively waived below.[2] Although we can review forfeited error for plain error,

---

[1]<u>Cf.</u> <u>United States</u> v. <u>Hudspeth</u>, 42 F.3d 1015, 1019 (7th Cir. 1994) (noting that <u>Taylor</u> applies to the issue as to whether a prior offense constituted a "violent felony" under the ACCA, which is to be decided only by reference to the statutory definition of the crime, and not the particular facts underlying the conviction, whereas <u>Taylor</u> does not apply to the question whether multiple prior offenses occurred on more than one "occasion" under the ACCA, which frequently necessitates reference not only to the charging documents but to other evidence, such as police reports).

[2]<u>Blakely</u> is based on the proposition that a finding of fact which supports a sentencing enhancement is to be determined by the jury. In light of the Stearns waiver, the applicability of <u>Blakely</u>

-7-

arguments which have been affirmatively waived are not normally reviewable on appeal. See Morgan, ___ F.3d at ___ [No. 03-1768, 2004 WL 1949061, at *3] ("When an argument has been waived, no [appellate] review is possible, unless the court engages in the rare exercise of its power to excuse waiver."). Accordingly, we reject both the Blakely claim and the Stearns contention that the district court erred in refusing to permit an evidentiary hearing.

Thus, as presented, the Stearns argument devolves into a question of law, rather than fact; i.e., whether the undisputed facts that the burglaries were committed against the same victim and on consecutive days prevented the district court from treating them as separate "occasions" as prescribed by the ACCA. Since the determination as to whether the Stearns burglaries occurred on a single occasion or on multiple occasions involves statutory interpretation, appellate review of the legal question is plenary. See United States v. Phillips, 149 F.3d 1026, 1031 (9th Cir. 1998); United States v. Hobbs, 136 F.3d 384, 387 (4th Cir. 1998); United States v. Thomas, 211 F.3d 316, 319 (6th Cir. 2000).

The "occasions" inquiry conceivably may turn upon any combination of circumstances, including (but not limited to) the identity of the victim; the type of crime; the time interval between the crimes; the location of the crimes; the continuity vel

_____

is yet more dubious, inasmuch as the district court's enhancement did not rely upon a finding of fact, but upon its refusal to engage in factfinding.

non of the defendant's conduct; and/or the apparent motive for the crimes. See United States v. Letterlough, 63 F.3d 332, 335-36 (4th Cir. 1995). Thus, the "occasions" inquiry requires a case-by-case examination of the totality of the circumstances. See, e.g., United States v. Riddle, 47 F.3d 460, 462 (1st Cir. 1995).

Stearns contends that the determinative consideration is that both burglaries were directed against the same victim and occurred on consecutive days. His contention flies in the face of the case law. See, e.g., Letterlough, 63 F.3d at 337 (holding that defendant's two sales of cocaine – within 90 minutes of each other – to same police officer constituted two ACCA "occasions"); United States v. Washington, 898 F.2d 439, 440-42 (5th Cir. 1990) (considering two robberies of same store clerk – committed several hours apart – as separate "occasions" under the ACCA). These cases make the crucial distinction between (i) a time interval during which defendant successfully has completed his first crime, safely escaped, and which affords defendant a "breather," viz., a period (however brief) which is devoid of criminal activity and in which he may contemplate whether or not to commit the second crime; and (ii) a time lapse which does not mark the endpoint of the first crime, but merely the natural consequence of a continuous course of extended criminal conduct. See, e.g., Washington, 898 F.2d at 442. Thus, the fact that two crimes involve the same victim does not necessarily prevent those crimes from being considered "separate,"

even though the time interval between them may have been quite brief.

Applying these principles to the Stearns burglaries, we conclude that each represented a distinct ACCA "occurrence."  On December 19, 1979, Stearns committed the first burglary, escaped detection, waited overnight, and then returned to the warehouse to commit the second burglary.  The overnight respite precludes any reasonable inference that Stearns committed the two burglaries as part of a continuous course of conduct, inasmuch as during the time lapse Stearns had the opportunity affirmatively to decide whether to initiate another criminal episode.  Under any reasonable view of these circumstances, Stearns engaged in two distinct burglaries, albeit against the same victim.

**Accordingly, the ACCA enhancement imposed by the district court is affirmed**.