**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-2131
    02-2144

UNITED STATES,

Appellee,

v.

PEDRO QUINTANA-PÉREZ,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

James M. Fox on brief for appellant.
    H. S. Garcia, United States Attorney, and Nelson Perez-Sosa,
Assistant U.S. Attorney, on brief for appellee.

December 23, 2004

**Per Curiam**.  Upon review of the record and the briefs (including appellant's pro se supplemental brief), we conclude that the facts and legal issues have been adequately presented and that the decisional process would not be significantly aided by oral argument.  See Fed. R. App. P. 34(a)(2)(C); 1st Cir. Loc. R. 34(a)(2)(C).  Appellant pled guilty to two separate drug conspiracies.  In connection with one of these charges (#00-332), appellant stipulated to the applicable guidelines, including a 4-level leadership adjustment under § 3B1.1(a), and to a 168-month recommended prison sentence.  Accepting the parties' stipulations, the district court adopted the guideline calculations set forth in their plea agreement and imposed the 168-month sentence to which the parties had agreed.  Appellant now says that he should have received a lower sentence.

In essence, appellant contends that the 4-level leadership adjustment that the court imposed lacked an adequate factual basis because appellant's admissions at his change of plea hearing were too vague to support it and his stipulations did not constitute admissions.  In addition, appellant contends that his sentence violates Blakely v. Washington, 124 S. Ct. 2531, 2537 (2004)(holding that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*")(citations omitted, emphasis in original).

-2-

Although appellant protested the leadership adjustment at his sentencing he did not suggest that the facts did not support it. Moreover, appellant's counsel effectively conceded that appellant did not have a valid legal objection to the adjustment. Arguably, the claims appellant raises now have been waived. See United States v. Stearns, 387 F.3d 104, 107-08 (1st Cir. 2004). Nevertheless, we review them for plain error. See, e.g., United States v. Savarese, 385 F.3d 15, 22 (1st Cir. 2004); United States v. Solares, 236 F.3d 24, 25 (1st Cir. 2000).

The district court did not commit plain error by applying the leadership adjustment. The record discloses that appellant admitted that he owned the drug point at which he "supervised" at least five people, specifically, his codefendants and a cooperating informant, and that he was responsible for the sale of over five kilograms of cocaine over the course of the conspiracy.[1] Appellant's claim that he did not admit that he supervised anyone is belied by the record of the Rule 11 hearing. Appellant only disagreed with the prosecutor's statement that he *personally* sold 26 grams of cocaine to an undercover officer. Appellant did not

---

[1] Although the prosecutor did not specify at the Rule 11 hearing that the persons that appellant supervised were his codefendants and a cooperating informant, the presentence report (PSR) did, and appellant did not object to it. Appellant is therefore bound by the PSR's findings. See United States v. Medina, 167 F.3d 77, 81 (1st Cir. 1999)("a court may accept, as true and accurate, any unchallenged fact contained in the PSR[]")(citing United States v. Rosales, 19 F.3d 763, 770 (1st Cir. 1994)).

disagree with the prosecutor's claim that he supervised at least five others and that he owned the drug point. The fact that appellant stipulated to the leadership adjustment and admitted facts that made its application plausible is enough to defeat his claim, see United States v. Teeter, 257 F.3d 14, 28 (1st Cir. 2001), especially where appellant's counsel conceded that he lacked a valid objection to the adjustment. As we said in Teeter, id.:

> Should the [sentencing] court decide to accept and act upon factual stipulations for sentencing purposes, the parties usually will be firmly bound. This general rule will apply when, for example, a defendant stipulates to a matter of fact or to the applicability of a sentencing guideline (the legal meaning of which is pellucid) to the unique facts of her case. After all, the defendant knows what she has done, and has little cause for complaint if the district court takes her at her word.

The fact that appellant's admissions adequately support the leadership adjustment is enough to remove this case from Blakely's potential reach. See, e.g., Stearns, 387 F.3d at 107 ("Blakely does not apply to 'facts admitted by the defendant[,]'")(citations omitted); Savarese, 385 F.3d at 22. And since it is obvious that the district court applied the adjustment based on appellant's admissions and stipulations, appellant's suggestion that the district court's sentencing findings were not specific enough to support the adjustment also fails. See United States v. Garcia Morales, 382 F.3d 12, 20 (1st Cir. 2004).

Accordingly, the judgment of the district court is <u>affirmed</u>.  <u>See</u>
Local Rule 27(c).