**UNITED STATES, Appellee,**

v.

**Alexis GARCIA, Defendant, Appellant.**

**No. 04–1308.**

United States Court of Appeals,
First Circuit.

May 27, 2005.

Stephen Paul Maidman on brief for appellant.

Robert Clark Corrente, United States Attorney, Donald C. Lockhart and Lee H. Vilker, Assistant U.S. Attorneys on brief for appellee.

Before SELYA, LYNCH and LIPEZ, Circuit Judges.

PER CURIAM.

Alexis Garcia appeals from a sentence imposed following his guilty plea to one count of possessing with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). Garcia was sentenced as a career offender, pursuant to U.S.S.G. § 4B1.1, based upon his prior felony convictions in federal court for drug trafficking offenses and crimes of violence. After Garcia was sentenced, but before he filed his original appellate brief, the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). While his appeal was pending, the Supreme Court decided *United States v. Booker*, 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). At our invitation, the parties filed supplemental briefs in light of *Booker*. Garcia raises two *Blakely*/*Booker* issues on appeal, which he concedes were not preserved below. Having failed to satisfy the plain error standard set forth in *United States v. Antonakopoulos*, 399 F.3d 68 (1st Cir. 2005), Garcia is not entitled to the relief he seeks.

I. *Blakely Error*

Garcia's pre-*Booker* argument was that *Blakely* applied to the federal sentencing guidelines and that his sentence enhancement pursuant to U.S.S.G. § 4B1.1, as a career offender, was invalid under *Blakely* because the fact of the requisite prior convictions was not submitted to a jury or proven beyond a reasonable doubt.[1]

1. In his original brief, Garcia also argued that the sentencing judge's findings regarding drug quantity and possession of a firearm violated *Blakely*. Because the district court sentenced Garcia under § 4B1.1 as a career offender, however, the drug quantity and possession of a firearm were irrelevant to the calculation of his sentence.

Even under pre-*Booker* law, Garcia's *Blakely* claim is without merit because "the rationale of *Apprendi* does not apply to sentence-enhancement provisions based upon prior criminal convictions." *United States v. Moore,* 286 F.3d 47, 51 (1st Cir. 2002); *see also United States v. Stearns,* 387 F.3d 104, 107 (1st Cir.2004) (holding that the fact of a prior conviction is beyond the ambit of *Blakely* ), *cert. denied,* —— U.S. ——, 125 S.Ct. 1614, 161 L.Ed.2d 289 (2005). Post-*Booker* it remains the law that "prior criminal convictions are not facts that a jury must find beyond a reasonable doubt." *United States v. Lewis,* 406 F.3d 11, 20 (1st Cir.2005).[2] Therefore, there was no *Blakely* error.

Moreover, this circuit has held that "[t]he error under *Booker* is ... that the defendant was sentenced under a *mandatory* Guidelines system," *Antonakopoulos,* 399 F.3d at 76, not "that the judge, based on facts found by him, had increased the sentence beyond that authorized solely by the facts found by the jury or admitted by the defendant." *Id.* at 79. "In *Antonakopoulos,* we 'reject[ed] the view that a *Blakely* [Sixth Amendment] error automatically requires a *Booker* remand' for resentencing. 399 F.3d at 79. We were very clear that the judge's finding of 'additional facts which raised the sentence authorized solely by the jury verdict or guilty pleas ... is insufficient to meet the third and fourth *Olano* prongs on plain-error

review.' *Id.* Instead, this court must find a reasonable probability that advisory Guidelines would have produced a more favorable sentence." *United States v. Brennick,* 405 F.3d 96, 102 n. 3 (1st Cir. 2005).

## II. *Post–Booker Claim*

■ Garcia's second argument, set forth in his supplemental brief, is that his sentence violated *Booker* because it was imposed under a mandatory Guidelines regime. This claim satisfies the first two *Olano* prongs. *See Antonakopoulos,* 399 F.3d at 77. However, to proceed, Garcia "must point to circumstances creating a reasonable probability that the district court would impose a different sentence more favorable to the defendant under the new 'advisory Guidelines' *Booker* regime." *Id.* at 75. He has not satisfied that requirement.[3]

Garcia faces an uphill battle because of the circumstances of his sentencing. First, the sentencing court imposed a sentence of 180 months, at the middle of the applicable guideline sentencing range (168–210 months), despite the government's recommendation that he be sentenced at the bottom of that range. Second, the sentencing judge indicated in several comments that the sentence was, if anything, too lenient. The court specifically stated to Garcia at sentencing that the long sentence was justified by the

---

2. Garcia has not argued that the Supreme Court's recent decision in *Shepard v. United States,* —— U.S. ——, 125 S.Ct. 1254, 161 L.Ed.2d 205 (U.S. March 7, 2005), overruled the *Almendarez–Torres* exception. This court has not addressed the issue, but the circuits which have done so have held that "the *Almendarez–Torres* exception for prior convictions still stands." *United States v. Schlifer,* 403 F.3d 849, 852 (7th Cir.2005); *see also United States v. Mattix,* 404 F.3d 1037 (8th Cir.2005); *United States v. Moore,* 401 F.3d 1220 (10th Cir.2005).

3. Garcia argued that no prejudice showing should be required because the *Booker* error is "structural." However, as he concedes, that argument has been expressly rejected by this court. *See Antonakopoulos,* 399 F.3d at 80 n. 11. We decline Garcia's invitation to ignore *Antonakopoulos.* Absent unusual circumstances not present here, panels of this court are bound by prior circuit decisions. *See United States v. Rodriguez,* 311 F.3d 435, 438–39 (1st Cir.2002).

"need to take you off the street, ... to protect the public from people like you." That disposes of his claim.

Garcia's conviction and sentence are *affirmed. See* 1st Cir. R. 27(c).