**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1425

UNITED STATES,

Appellee,

v.

JOSE GUZMAN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

Jane Elizabeth Lee on brief for appellant.
H.S. Garcia, United States Attorney, and Nelson Perez-Sosa, Assistant U.S. Attorney, on brief for appellee.

August 4, 2005

**Per Curiam**. Jose Guzman appeals from his sentence. While his appeal was pending, the Supreme Court decided <u>Blakely</u> v. <u>Washington</u>, 124 S. Ct. 2531 (2004), and <u>United States</u> v. <u>Booker</u>, 542 U.S. ___, 125 S. Ct. 738 (2005). Guzman has filed supplemental briefs raising claims under both <u>Blakely</u> and <u>Booker</u>. Guzman pled guilty to conspiring to possess with intent to distribute and to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). The statutory mandatory minimum sentence for the offense to which he pled guilty is ten years' imprisonment. <u>See</u> 21 U.S.C. § 841(b)(1)(A)(ii). Guzman received a prison sentence of ten years. Those three undisputed facts dispose of all of Guzman's claims.

I. <u>Original Claim: Breach of Plea Agreement</u>

Guzman's original claim was that the government had breached its plea agreement with him by referring in its amended motion pursuant to U.S.S.G. §5K1.1 to a Guidelines sentencing range beyond what the plea agreement had contemplated. He sought specific performance of the plea agreement and resentencing with a recommendation by the government for a sentence based on a base offense level of 32.

It is unnecessary to decide whether the government breached the plea agreement by referring in its amended § 5K1.1 motion to a guideline imprisonment range of 262 to 327 months, which corresponded with the offense level calculated under § 4B1.1, the

career offender Guidelines provision, rather than with the offense level calculated under § 2D1.1, based on drug quantity (which would yield an imprisonment range of 151 - 188 months). Guzman concedes that the issue was not raised below and, therefore, that plain error review applies. Even if there had been a breach, Guzman cannot satisfy the third prong of plain error review, which requires a showing that the error "affects substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993).

The government neither agreed to request nor requested a departure in accord with 18 U.S.C. § 3553(e), below the statutory mandatory minimum sentence. The government requested that the sentencing court depart below the applicable Guidelines sentencing range to impose a sentence of 120 months, the statutory mandatory minimum. The sentencing court granted that request. Therefore, Guzman has not shown that the alleged breach affected his sentence.

II. Blakely/Booker Claims

In his first supplemental brief, Guzman argues that his sentence is invalid under Blakely because the facts underlying his career offender enhancement (specifically his age and the fact of his prior offenses) were not found by a jury or admitted by him. In his second supplemental brief, he argues that he is entitled to remand for resentencing under Booker because he was sentenced under a mandatory Guidelines system and there was a reasonable probability that he would receive a lighter sentence under an

advisory Guidelines system.  Neither claim has merit.

Guzman received the mandatory minimum statutory sentence for the offense to which he pled guilty, i.e., conspiring to possess with intent to distribute and to distribute more than five kilograms of cocaine.  Therefore, there was no enhancement of his sentence based on judge-found facts.  "A mandatory minimum sentence imposed as required by a statute based on facts found by a jury or admitted by a defendant is not a candidate for Booker error." Antonakopoulos, 399 F.3d at 75; see United States v. Bermudez, 2005 WL 1208131, No. 04-1222, slip op. at 19-20 (1st Cir. May 23, 2005).

In addition, "the rationale of Apprendi does not apply to sentence-enhancement provisions based upon prior criminal convictions." United States v. Moore, 286 F.3d 47, 51 (1st Cir. 2002); see also United States v. Stearns, 387 F.3d 104, 107 (1st Cir. 2004) (holding that the fact of a prior conviction is beyond the ambit of Blakely), cert. denied, __ U.S. __, 125 S. Ct. 1614 (2005).  Post-Booker it remains the law that "prior criminal convictions are not facts that a jury must find beyond a reasonable doubt." United States v. Lewis, 406 F.3d 11, 21 n. 11 (1st Cir. 2005).[1]

---

[1] To the extent that Guzman based his Blakely claim on the judicial factfinding with respect to his age at the time the offense was committed, that argument is frivolous.  Guzman did not object below to the PSR's reporting of his birth date as 1966 (making him 35 at the time the offense was committed). "In the post-Apprendi world, this court adopted a rule that any such error in sentencing should be held harmless so long as the evidence of

-4-

Defendant-Appellant's Motion to Proffer Facts Not on the Record is <u>granted</u>. Guzman's conviction and sentence are <u>affirmed</u>. <u>See</u> 1st Cir. R. 27(c).

---

the trial judge's factual findings is overwhelming and no reasonable jury could have disagreed with them." <u>United States</u> v. <u>Morgan</u>, 384 F.3d 1, 8 (1st Cir. 2004).