COMMONWEALTH *vs.* MARK B. WARD. January 20, 1984. *Practice, Criminal,* Indictment, Grand jury proceeding, Required finding.

The defendant was indicted for three offenses: assault in a dwelling house while armed, use of a firearm in the commission of a felony, and assault for the purpose of collecting a loan. He appeals from his conviction on the first indictment. 1. The defendant contends that all three indictments should have been dismissed because the victim perjured himself in his testimony before the grand jury which returned the indictments. The perjury concerned the victim's account of the reason that he had been attacked: he stated that the attackers were trying to collect a loan, but he later admitted that the assault related to a drug transaction and not a loan. As a result, before trial, the Commonwealth entered a nolle prosequi on the indictment charging assault to collect a loan. After the close of the Commonwealth's case the defendant moved to dismiss the remaining indictments on the ground that they were obtained through the testimony of a witness who had perjured himself. Recent cases have recognized that a defendant may be entitled to dismissal of an indictment where perjury has impaired the integrity of the grand jury proceedings. *Commonwealth* v. *Gibson,* 368 Mass. 518, 525 (1975). *Commonwealth* v. *St. Pierre,* 377 Mass. 650, 655 (1979). In particular, an indictment will be dismissed if the Commonwealth or one of its agents knowingly uses perjured testimony to obtain an indictment. *Commonwealth* v. *Salman,* 387 Mass. 160, 166 (1982). Here, there is no suggestion that the Commonwealth knew that the loansharking testimony was false when the indictments were returned (as to which see *id.* at n.4), and its behavior in entering a nolle prosequi on the loansharking indictment when told suggests that it did not. The *Salman* opinion also holds that perjury by a grand jury witness does not necessarily require the dismissal of all related indictments returned by the grand jury (*id.* at 167), and a prominent case in this area, *United States* v. *Basurto,* 497 F.2d 781 (9th Cir. 1974), cited in the *Salman* opinion (at 166 n.4), holds that the perjured testimony, to require dismissal, must be

material to the indictment. 497 F.2d at 785. Under that test, the judge properly ruled that the defendant was not entitled to dismissal of the indictments other than the one the Commonwealth voluntarily nol prossed. The element of falsification, explainable in terms of avoidance of self-incrimination, was immaterial either in the legal sense (i.e., it had no bearing on any element of either of the two offenses of which the defendant was convicted) or in the more general sense of having a tendency to cast serious doubt on the rest of the victim's testimony. 2. The defendant's motion for a required finding of not guilty was properly denied. There was evidence from which the jury could draw an inference that the shots emanated from two handguns, that one of those guns was fired from outside the bedroom, and that the defendant, as the only person in the house standing outside the bedroom, must have been the one who fired that gun. The jury could also draw an inference that the defendant knew Lewis and that their presence at the victim's house simultaneously was not a coincidence.

*Judgment affirmed.*

*Richard C. Chambers* for the defendant.

*Dyanne Klein Polatin,* Assistant District Attorney, for the Commonwealth.