COMMONWEALTH *vs.* MICHAEL THOMPSON.[1]

No. 01-P-433.

Berkshire. October 3, 2002. - December 12, 2002.

Present: LENK, BERRY, & McHUGH, JJ.

*Assault and Battery. Assault and Battery by Means of a Dangerous Weapon. Loan. Evidence,* Joint venturer. *Words,* "Loan."

This court concluded that the term "loan" in G. L. c. 265, § 13C, which defines assault and battery for the purpose of collecting a loan, encompasses the provision of drugs to another on the condition that payment for those drugs be made at a later date, and therefore, the evidence at a criminal trial was sufficient to convict the defendant of violating the statute. [711-713]

At the trial of an indictment alleging assault and battery by means of a dangerous weapon, the evidence was sufficient to convict the defendant under a joint venture theory, where the jury could have found that the defendant knew about the knife used to stab the victim and shared the intent to participate in the victim's stabbing from evidence that the defendant planned with two others to collect money from the victim; that when the victim was confronted about the money, a knife was set down on the table; and that the defendant struck the victim before one of the others stabbed the victim. [713]

INDICTMENTS found and returned in the Superior Court Department on October 21, 1999.

The cases were tried before *Thomas J. Curley, Jr.,* J.

The case was submitted on briefs.

*Gerard D. Downing,* District Attorney, *& Joseph A. Pieropan,* Assistant District Attorney, for the Commonwealth.

*Richard M. Russell* for the defendant.

LENK, J. After trial by jury, the defendant was found guilty of assault and battery for the purpose of collecting a loan, G. L.

---

[1]Although the Commonwealth filed a motion in Superior Court to amend the indictments to name the defendant as "Kelvin D. Ewing, [also known as] Michael D. Thompson, [also known as] 'D,' " the record on appeal does not indicate what action if any, was taken on this motion.

c. 265, § 13C, and of assault and battery by means of a dangerous weapon (a knife), G. L. c. 265, § 15A. He appeals both convictions, asserting that (1) the debt the victim owed did not constitute a "loan" for purposes of § 13C, and the evidence was accordingly not sufficient to support the conviction; and (2) there was insufficient evidence to sustain the conviction for assault and battery by means of a dangerous weapon. We affirm.

*Background.* The jury could have found the following facts. Sometime in July, 1999, Kenneth Luciano agreed with one "G" or "GC" of New York that Luciano would sell drugs for "G" in Great Barrington, Massachusetts. "G" supplied Luciano with crack cocaine on the understanding that Luciano would sell the drugs and turn over to "G" certain sale proceeds. Luciano apparently did not do so, instead consuming the drugs with his girlfriend.

On Labor Day, 1999, "G," the defendant, and two others (a woman named Kelly McLennan and a man referred to as "Dan") drove to Great Barrington for the purpose of collecting the money and having the defendant "replace" Luciano as local drug distributor. After locating Luciano, the three men confronted him about the money he owed "G." Shortly thereafter, the defendant struck Luciano on the head with a hard plastic toy, and Dan stabbed Luciano with a knife that "G" provided.

*Assault and battery for purposes of collecting a loan.* The defendant asserts that, while the transaction between "G" and Luciano resulted in a debt, it was not a loan, and, accordingly, the statute does not encompass the transaction here.

General Laws c. 265, § 13C, prohibits "assault and battery upon another for the purpose of collecting a loan," but the statute does not itself define the word "loan," and we are not aware of any appellate decision construing its meaning. "Unless otherwise defined, it is usual to interpret the words [of a statute] as taking on their ordinary contemporary common meaning." 2A Singer, Sutherland Statutory Construction § 47:28, at 352 (6th ed. 2000). The defendant proposes in this regard a somewhat constrained definition of "loan": the delivery of an item or money to another for temporary use. Under this definition, no loan occurred since the drugs furnished to Luciano

were not for his temporary use, later to be returned. On this view, Luciano may have incurred a debt, but there was no loan, "loan" being but a subset of "debt." Such a spare construction of the term "loan," however, flies in the face of common sense and does not reflect its ordinary usage.

In essence, what happened here is that Luciano purchased the drugs on "credit": "G" gave Luciano drugs on the understanding that Luciano would pay him back with money. Perfectly legal transactions along the same lines, where goods are provided on the understanding that payment will later be made for them, are everyday occurrences. Such credit transactions, we think, fall squarely within the established meaning of "loan." See *In re DePasquale*, 225 B.R. 830, 832 (Bankr. 1st Cir. 1998), quoting from *In re Johnson*, 215 B.R. 750, 752 (Bankr. E.D. Mo. 1997), aff'd, 218 B.R. 449 (Bankr. 8th Cir. 1998) (test for loan is "whether the creditor extended credit to the [d]ebtor . . . and whether the [d]ebtor promised to repay the amount of credit advanced"). See also *Firstar Eagan Bank, N.A.* v. *Marquette Bank Minneapolis, N.A.*, 466 N.W.2d 8, 11 (Minn. Ct. App. 1991) (loan requires "an actual delivery of something to another and a promise of repayment").

Finally, insofar as dictionaries reflect common usage and ordinary contemporary common meaning, we note that Webster's Third New International Dictionary defines loan as including "something lent for the borrower's temporary use on condition that it or its equivalent be returned." Webster's Third New Intl. Dictionary 1326 (1993). Further along these lines, Black's Law Dictionary defines "loan" to include "the creation of debt by a credit to an account with the lender upon which the debtor is entitled to draw immediately." Black's Law Dictionary 936 (6th ed. 1990). Burton's Legal Thesaurus cites "extension of credit" as a synonym for "loan." Burton, Burton's Legal Thesaurus 340 (3d ed. 1998). Providing another with drugs on the condition that payment for those drugs be made at a later date surely fits within these definitions. Accordingly, the statute encompasses the transaction shown by sufficient evidence to

have occurred and we affirm the defendant's conviction of assault and battery for the purpose of collecting a loan.[2]

*Assault and battery by means of a dangerous weapon.* The defendant also contends that there was insufficient evidence to convict him of assault and battery by means of a dangerous weapon under a joint venture theory. He argues in this regard that the evidence was insufficient to establish that he knew that "G" had a knife.

To be convicted as a joint venturer in a crime involving the coventurer's use of a weapon, it must be proven that the defendant knew at the time of the joint venture that the coventurer had the weapon. See *Commonwealth* v. *Watson*, 388 Mass. 536, 544 (1983). Here, the Commonwealth presented evidence that the defendant had planned with "G" and Dan to collect the money together from Luciano and that the defendant would thereafter replace Luciano as drug dealer for "G." There was testimony that, when Luciano was confronted by the three men about the money owed to "G," "a knife [was] set down on the table." Indeed, the defendant struck the first blow before Dan stabbed Luciano with that knife. Such evidence was sufficient to permit the jury to find that the defendant knew of the knife, and that he shared the intent to participate in the victim's stabbing. See *Commonwealth* v. *Meadows*, 12 Mass. App. Ct. 639, 643-644 (1981).

*Judgments affirmed.*

---

[2]We reject the defendant's contention that *Commonwealth* v. *White*, 5 Mass. App. Ct. 483, 488-489 (1977), and *Commonwealth* v. *Ward*, 17 Mass. App. Ct. 985, 985-986 (1984), support his interpretation of the statute. If anything, *White* supports the Commonwealth's case, given our suggestion there that the defendant could have been indicted under G. L. c. 265, § 13C, for the use of violence in collecting a debt.