COMMONWEALTH *vs.* ABRAHAM SANCHEZ.

No. 06-P-1197.

Essex. March 7, 2007. - November 13, 2007.

Present: PERRETTA, BROWN, & CYPHER, JJ.

*Breaking and Entering. Practice, Criminal,* Instructions to jury.

At a criminal trial on a complaint charging the defendant with breaking and entering in the nighttime with the intent to commit a felony, in which the jury found the defendant guilty of the lesser included offense of breaking and entering in the nighttime with the intent to commit a misdemeanor, no substantial risk of a miscarriage of justice arose from the judge's instructions to the jury, where the instructions imparted no general or specific information regarding the nature or extent of the punishment associated with those crimes [700-702], and where the judge did not improperly comment on the strength of the Commonwealth's evidence in defining the element of breaking [703-704].

COMPLAINTS received and sworn to in the Lynn Division of the District Court Department on August 3, 2005.

The cases were heard by *Ellen Flatley*, J.

*Elena M. Rosnov* (*Jeffrey R. Mazer* with her) for the defendant.

*Kenneth Bresler*, Assistant District Attorney, for the Commonwealth.

PERRETTA, J. On a complaint charging the defendant with breaking and entering in the nighttime with the intent to commit a felony, G. L. c. 266, § 16, a jury in the District Court found the defendant guilty of the lesser included offense of breaking and entering in the nighttime with the intent to commit a misdemeanor, G. L. c. 266, § 16A. The jury found the defendant not guilty on charges of assault and battery, G. L. c. 265, § 13A(*a*), and intimidation of a witness, G. L. c. 268, § 13B. On appeal, the defendant asserts prejudicial error in the jury instructions pertaining to the offense of breaking and entering in the nighttime with the intent to commit a felony and the lesser

included offense involving the intent to commit a misdemeanor, entitling him to a reversal of his conviction. Specifically, the defendant asserts that the judge improperly put the issue of punishment before the jury and improperly commented on the evidence in her instructions. We affirm.

1. *Facts.* The defendant did not testify at trial or present evidence on his own behalf. The victim, the sole witness at trial, testified to the following. The victim had formerly been in a romantic relationship with the defendant, who is the father of one of her children. On August 2, 2005, the defendant telephoned the victim numerous times between the hours of 7:00 P.M. and 12:00 A.M., at times from right outside her door, seeking entrance to her first floor apartment. She refused to let him in. The victim went to bed at approximately 12:00 A.M. and awoke a short time later to find the defendant at her bedside. The defendant choked her. The victim kicked the defendant and was able to break free. She ran into the living room, but when she picked up the telephone to call the police, the defendant wrested the phone from her grasp, removed the battery, and threw it away. There was a struggle in the living room: the defendant hit the victim and pulled her hair; the victim hit the defendant in the head with a broomstick. The defendant left the apartment sometime thereafter.

The victim then summoned the police. It appears that the police officers who responded to the call did not take the victim's statement that evening.[1] The victim called the police again the next morning and gave a statement to the officers who responded to that call. According to the victim, the defendant did not have a key to the victim's residence, and neither she nor her children had let him into the apartment. At some time after the defendant left, she noticed an open window in her daughter's bedroom.

2. *Discussion.* The portions of the instructions challenged by the defendant, which are set out below, closely tracked the language of Instruction 5.31 of the Model Jury Instructions for Use in the District Court (Mass. Cont. Legal Educ. 1995). As the defendant failed to lodge any objections to the jury instructions at trial, the substantial risk of a miscarriage of justice

---

[1] It appears from the transcript that a statement was not taken that evening because of a language barrier.

standard of review applies. See *Commonwealth* v. *Robinson*, 444 Mass. 102, 105 (2005).

a. *References to punishment.* In defining the element of intent for the jury, the judge stated in part:

> "[T]he Commonwealth must prove to you beyond a reasonable doubt . . . that the defendant broke in with the intent to commit a felony. In this Commonwealth, offenses for which a person may be sentenced to state prison are called felonies and other less [*sic*] offenses are called misdemeanors."[2]

The defendant asserts that the judge's references to punishment constituted prejudicial error.

Massachusetts courts "have long held it improper for a judge to place the issue of punishment before the finder of fact." *Commonwealth* v. *A Juvenile (No. 1)*, 396 Mass. 108, 112 (1985). But cf. *Commonwealth* v. *Mutina*, 366 Mass. 810, 821 (1975). The rationale for this rule was well summarized in *Commonwealth* v. *A Juvenile (No. 1)*, *supra*:

> "A jury's verdict must be based solely on the evidence in the case, without regard to the possible consequences of their decision. . . . The role of the jury is to make findings of fact and to determine the guilt or innocence of the accused without regard to probable punishment. To inform jurors of the sentencing consequences of their verdicts is to invite result-oriented verdicts and possible deviation from the basic issues of a defendant's guilt or innocence."

See *Commonwealth* v. *Ferreira*, 373 Mass. 116, 125-126 (1977); *Commonwealth* v. *Smallwood*, 379 Mass. 878, 882-883 (1980). The judge also instructed the jury that the crime of assault and battery is a misdemeanor and that the crime of intimidation of a

---

[2]This definition of felony was twice repeated in the course of the judge's instructions, in slightly different language. The jury were told that "serious crime, crimes that are punishable by imprisonment in a state prison are felonies and all lesser drimes are misdemeanors" and "[f]elonies are serious crimes punishable by state prison. Misdemeanors are all other crimes." In *Commonwealth* v. *Walter*, 40 Mass. App. Ct. 907, 909 (1996), this court held that a trial judge's failure to define the term felony when instructing the jury on the elements of breaking and entering in the daytime with the intent to commit a felony, G. L. c. 266, § 18, was error.

witness is a felony. Together, these portions of the charge advised the jury, to some extent, of the sentencing consequences associated with two of the crimes for which the defendant was on trial — assault and battery, and intimidation of a witness. The defendant was acquitted of those charges, however, and thus sustained no apparent prejudice.

The instructions were silent with respect to the penal consequences associated with a conviction for the offense of breaking and entering in the nighttime with the intent to commit a misdemeanor or, for that matter, with the intent to commit a felony. Nor were the jury told whether the offense of breaking and entering with intent to commit a misdemeanor is itself a felony or misdemeanor, so as to permit jurors, by process of logical deduction, some knowledge of the potential punishment. Because the instructions given imparted no general or specific information to the jury regarding the nature or extent of the punishment associated with breaking and entering with the intent to commit a misdemeanor, there was minimal, if any, risk that the verdict was "result oriented" or that the jury's deliberations were improperly influenced by contemplation of possible sentencing consequences. Thus, even assuming that there was error in the instructions, there was no substantial risk of a miscarriage of justice with respect to the conviction from which the defendant appeals.

The fact that the defendant was acquitted of assault and battery does not, as the defendant contends, necessarily suggest "that the jury believed that the defendant was guilty of entering the victim's apartment without permission, and for that should [be] punished." The jury's apparent conclusion that "there was insufficient evidence that the defendant assaulted and battered [the victim] . . . did not [necessarily] preclude a finding that he had the requisite intent to do so."[3] *Commonwealth* v. *Moore,* 50 Mass. App. Ct. 730, 733 (2001).

---

[3]In any event, "jury verdicts will not be disturbed because they are factually inconsistent." *Commonwealth* v. *Diaz,* 19 Mass. App. Ct. 29, 33 (1984). *Commonwealth* v. *Pease,* 49 Mass. App. Ct. 539, 542 (2000) ("factual inconsistencies in verdicts rendered on . . . multiple counts do not afford a ground for setting aside a conviction as long as the evidence is sufficient to support a conviction on the count on which the guilty verdict was reached").

b. *Commentary on the evidence.* In defining the element of breaking, the judge instructed the jury:

> "[A] breaking can be accomplished without any physical damage to the structure. The term breaking, for purposes of the law is to be breaking the close. Essentially, you can envision a plane and on one side of the plane is the outside, and on the other side of the plane is the inside. The breaking can be accomplished by a physical breaking or forcing open a door, window, or removing a door or a window. Also, it can be, under the law, opening a closed door or window is a breaking even if they are unlocked. *Going in through an open window that is not intended for use as an entrance is also a breaking.* The going into an unobstructed entrance, such as an open door is not." (Emphasis supplied.)

The defendant asserts that this portion of the instruction[4] improperly focused on the Commonwealth's theory — that the defendant entered the victim's residence through an open bedroom window — and thus conveyed to the jury the judge's opinion of the sufficiency of the evidence on this element of the Commonwealth's case.

We disagree. The instruction given cannot reasonably be viewed as having "focused" on the theory of entrance through an open window. Although the example of "breaking" involving entrance through an open window was similar to the Commonwealth's evidence at trial, it was presented as one of a series of examples of conduct that would constitute a "breaking" under G. L. c. 266, §§ 16 and 16A. In the context of the entire instruction, see *Commonwealth* v. *Diaz,* 19 Mass. App. Ct. 29, 35 (1984), jurors would understand that the discussion of entrance through an open window was intended to explain and illustrate the legal concept of "breaking." It would not reasonably have been construed as an implied commentary on the strength or weakness of the Commonwealth's evidence or the defendant's guilt. The jury also received instructions on their exclusive role in assessing witness credibility, assigning

---

[4]The quoted portion of the instruction is substantively similar to, and essentially repeats, an earlier portion of the judge's charge. The fact that the jury heard it twice rather than once does not bolster the defendant's claim of error or affect the result we reach.

weight to the evidence, and determining issues of fact. The case upon which the defendant relies, *Commonwealth* v. *Kane*, 19 Mass. App. Ct. 129 (1984), involved a jury charge that differed markedly from the charge in the present case and does not support the defendant's claim of error. Contrast *id.* at 138-139 (detailed, one-sided recitation of evidence tending to support defendant's guilt, coupled with statement jury could have construed as a directive to make certain findings and another seeming to echo Commonwealth's closing argument referring by implication to the defendant as a thief).

It follows from what we have said that there was no substantial risk of a miscarriage of justice with respect to the defendant's conviction for breaking and entering in the nighttime with the intent to commit a misdemeanor.

*Judgments affirmed.*

BROWN, J. (dissenting). The defendant asserts that a certain portion of the jury instructions (in fact, uttered twice) improperly focused on the Commonwealth's theory that the defendant entered the victim's residence through an open bedroom window and, thus, conveyed to the jury the judge's opinion of the sufficiency of the evidence on this element of the Commonwealth's case. I agree.

I am of opinion that the instruction given reasonably could have been construed as having endorsed the Commonwealth's theory of entrance through an open window.[1] The example of "breaking" involving entrance through an open window was similar to the Commonwealth's evidence adduced at trial.

I believe that the language reasonably would have been construed as a favorable comment on the strength of the Commonwealth's evidence, thereby impermissibly reinforcing the Commonwealth's evidence of the defendant's guilt.

---

[1]The instruction and the limited examples used in the context of "breaking the plane" would have been more than sufficient.