The defendant, Paul C. Brown, was convicted by a jury of assault and battery to collect a loan in violation of G. L. c. 265, § 13C, and breaking and entering in the daytime with intent to commit a felony in violation of G. L. c. 266, § 18. On appeal, he contends that there was insufficient evidence to support his conviction of assault and battery to collect a loan and that both judgments should be vacated because the Commonwealth made improper statements during its opening statement and closing argument. We vacate the judgments.
Sufficiency of the evidence of assault and battery to collect a loan. Viewed in the light most favorable to the Commonwealth, Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), the evidence was sufficient to show the following. One week prior to the incident giving rise to the convictions, Tyler Pina stole a bag of marijuana from the defendant. The defendant "called his friends from Southie to come up and deal with Tyler." On the day of the incident, the defendant met with Mark Dube in the defendant's apartment and discussed the theft. Together, the pair went to a neighboring apartment in the same apartment complex, which is where Tyler[2] had been staying. Dube pounded on the apartment door. When Tyler's brother, Brett, opened it, Dube knocked the door off its hinges and proceeded to severely beat Brett. Meanwhile, the defendant watched the beating and "knocked some things around." Dube and the defendant then retreated to the defendant's apartment where Dube washed Brett's blood from his body.
Contrary to the defendant's argument, a jury could reasonably have concluded, on the basis of this evidence, that the defendant knowingly participated in the assault and battery with the requisite intent to commit the crime. Commonwealth v. Zanetti, 454 Mass. 449, 454, 468 (2009). As the Commonwealth concedes, however, there was no evidence of a loan. Cf. Commonwealth v. Thompson, 56 Mass. App. Ct. 710, 712 (2002).[3]
Sufficiency of the evidence of breaking and entering in the daytime with intent to commit a felony.[4] Citing Commonwealth v. Lowe, 21 Mass. App. Ct. 934, 935 (1985),[5] the Commonwealth contends that despite its concession that there was no evidence of a loan, the conviction of breaking and entering with intent to commit a felony can be upheld. Here, however, there was no evidence that the defendant intended to collect a loan. Cf. Thompson, 56 Mass. App. Ct. at 712.
The Commonwealth alternatively maintains that the defendant's conviction can be affirmed because there was sufficient evidence that the defendant intended to commit felonies other than assault and battery to collect a loan -- namely, larceny in a building, malicious destruction of property over $250, and assault and battery by means of a dangerous weapon. None of these alternative felonies were presented to the jury. Instead, the Commonwealth's theory was that assault and battery with intent to collect a loan was the intended felony.[6] "Arguments on appeal must be based on the theories on which the Commonwealth presented the case at trial." Commonwealth v. Lee, 460 Mass. 64, 67 n.3 (2011). See Commonwealth v. Claudio, 418 Mass. 103, 117 n.12 (1994) (felonies that neither were charged nor the basis for the Commonwealth's theory at trial "may not serve as the basis for sustaining a verdict on appeal").
Opening statement and closing argument. The defendant next maintains that the prosecutor's opening statement improperly forecast that Taunton police Officer Gerard Roy would identify Dube as the man that the defendant called to avenge the marijuana theft. Roy testified that the defendant admitted that he had "called his friends from Southie to come up and deal" with Tyler's theft. In response to a question as to whom the defendant called in particular, Roy stated that he "had the name of the other suspect ... Mark Dube." While Roy's testimony was not exactly as predicted by the prosecutor, it was sufficient to show that the prosecutor's expectation of what the evidence would establish was "reasonable and grounded in good faith." Commonwealth v. Fazio, 375 Mass. 451, 456 (1978).
The defendant also quarrels with the prosecutor's statements in his opening that the defendant and Dube beat up "poor Brett Pina," and that they "beat[ ] him senseless," as well as the prosecutor's statement in closing that the defendant and Dube gave Brett the "beating of a lifetime." These statements, however, tracked the evidence, which included, among other things, (i) Brett's testimony about the beating and the extent of his injuries, (ii) photographs of Brett's injuries, (iii) the defendant's testimony that Brett was beaten "like [the defendant had] never seen any man get beat before in [his] life," and (iv) the testimony that Brett was apparently the mistaken target of the beating. Finally, the defendant contends that the prosecutor's use of the term "coward" to refer to the defendant was improper. Here, however, the prosecutor mirrored the precise language that the defendant had used to refer to himself and his conduct during Brett's beating. While the prosecutor's description of the etymology of the word went beyond the defendant's testimony, "[t]he prosecutor's remarks were characteristic of enthusiastic rhetoric, strong advocacy, and excusable hyperbole, and did not cross the line between fair and improper argument." Commonwealth v. Lyons, 426 Mass. 466, 472 (1998) (quotation omitted).
Conclusion. The judgments are vacated. So much of the verdict as finds the defendant guilty of the lesser included offenses of assault and battery and breaking and entering with intent to commit a misdemeanor, are to stand; the remaining portions (to collect a loan and with intent to commit a felony) are set aside. See Commonwealth v. Labadie, 467 Mass. 81, 88 (2014). The conviction of the lesser included offense of assault and battery is remanded for resentencing. The conviction of the lesser included offense of breaking and entering with intent to commit a misdemeanor is also remanded for resentencing, unless the Commonwealth elects to retry the case based on the breaking and entering with intent to commit a felony, with the benefit of the judge's clarification of the proper jury instructions as to the alleged intended felony.[7] See Commonwealth v. Hill, 57 Mass. App. Ct. 240, 249 (2003).
So ordered.
Vacated and remanded

Because Tyler Pina and Brett Pina, see infra, share a surname, we refer to each by his first name.

Because we conclude that the conviction of assault and battery to collect on a loan must be vacated on this basis, we need not address the defendant's argument that the jury instruction was erroneous.

Following oral argument, we requested that the parties submit supplemental memoranda to address the defendant's conviction of breaking and entering with intent to commit a felony in view of the Commonwealth's concession that there was no evidence of a loan.

The Commonwealth also cites Commonwealth v. Sanchez, 70 Mass. App. Ct. 699, 702 (2007), quoting from Commonwealth v. Moore, 50 Mass. App. Ct. 730, 733 (2001) ("The jury's apparent conclusion that 'there was insufficient evidence that the defendant assaulted and battered [the victim] ... did not [necessarily] preclude a finding that he had the requisite intent to do so' ").

The only guidance provided to the jury regarding the general definition of a felony was that felonies are "offenses for which a person may be sentenced to state prison."

In any such retrial, the Commonwealth would be limited to an alleged intended felony for which the evidence was sufficient in the first trial. Commonwealth v. Fragata, 480 Mass. 121, 129-130 (2018).