**UNITED STATES America, Appellee,**

v.

**Patrick Thomas CALLAHAN, Defendant, Appellant.**

**No. 04–1483.**

United States Court of Appeals, First Circuit.

Sept. 20, 2005.

Richard N. Foley for appellant.

F. Mark Terison, Senior Litigation Counsel, with whom Paula D. Silsby, United States Attorney, was on brief, for appellee.

Before SELYA, Circuit Judge, COFFIN, Senior Circuit Judge, and HOWARD, Circuit Judge.

PER CURIAM.

Appellant seeks remand for resentencing on the grounds that the district court erred when it (1) included his juvenile conviction for "Armed Criminal Threatening" under 17 Me.Rev.Stat. Ann. § 209 as a predicate offense under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e); (2) considered a prior conviction for two counts of drug distribution, to the same undercover agent six days apart, as two separate offenses under the ACCA; and (3) engaged in impermissible fact-finding in determining the drug quantity attributable to him. For the reasons stated below, we find no error.

1. *Inclusion of Juvenile Conviction*

Appellant's challenge to the inclusion of his juvenile conviction as a predicate act under the ACCA is threefold. First, appellant claims that his juvenile conviction must be excluded because the juvenile court judge never warned him that the conviction could be used in future criminal proceedings to enhance his sentence. We have previously held that a sentencing court has no duty to warn of "collateral consequences"—such as the risk that the conviction may be used in

future proceedings for sentencing enhancement—when accepting a defendant's guilty plea. *Steele v. Murphy*, 365 F.3d 14, 17–18 (1st Cir.), *cert. denied,* —— U.S. ——, 125 S.Ct. 170, 160 L.Ed.2d 158 (2004) (citing *United States v. Salmon*, 944 F.2d 1106, 1130 (3d Cir.1991), *cert. denied,* 502 U.S. 1110, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992)(effect of the conviction on sentencing for later offense under career offender law was a collateral consequence)). *See also United States v. Campusano*, 947 F.2d 1, 5 (1st Cir.1991) (use of state court conviction in subsequent federal prosecution was collateral risk). Because the juvenile court had no duty to warn of collateral consequences, this argument provides no basis for excluding appellant's juvenile conviction.

Second, appellant argues that his plea agreement with state authorities included the promise that the conviction would not be used against him in the future. Even if the record evidenced such a promise, which it does not, plea agreements are treated as contracts and contracts are not normally binding on third parties. *See United States v. Atwood,* 963 F.2d 476, 479 (1st Cir.1992); *see also Montoya v. Johnson,* 226 F.3d 399, 405–406 (5th Cir.2000), *cert. denied,* 532 U.S. 1067, 121 S.Ct. 2220, 150 L.Ed.2d 212 (2001) (state prosecutors cannot bind federal prosecutors without the federal government's knowledge and support).

Third, appellant argues that because the district court in prior proceedings did not assign criminal history points to the juvenile conviction, the court is "estopped" from treating the conviction differently now. Appellant cites no precedent in support of this argument, and we reject any claim that the classification of a conviction in prior proceedings is necessarily binding in future proceedings.

### 2. Number of Predicate Offenses

■ Appellant next argues that his conviction in 1994 on two counts of cocaine distribution should not be classified as "different offenses" under the ACCA. 18 U.S.C. § 924(e). The argument that a common scheme binds these two offenses, which occurred six days apart at two different locations, has failed with other types of offenses in this circuit and fails here as well. *United States v. Stearns*, 387 F.3d 104, 108 (1st Cir.2004), *cert. denied,* —— U.S. ——, 125 S.Ct. 1614, 161 L.Ed.2d 289 (2005) (different burglaries committed against the same victim on different days constituted separate offenses under the ACCA); *United States v. Harris,* 964 F.2d 1234, 1237 (1st Cir.1992) (collecting cases). The district court committed no error in classifying appellant as an armed career criminal under 18 U.S.C. § 924(e).

### 3. Judicial Fact–Finding

■ After entering his guilty plea to five counts of heroin possession and distribution and stipulating to the drug quantity attributable to him, appellant now argues that the sentencing court engaged in impermissible fact-finding as to drug quantity in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The record clearly shows that appellant stipulated to the drug quantity and the district court adopted that stipulation. Appellant's stipulation means that he has admitted to the drug quantity attributed to him; adopting the appellant's stipulation is not "fact-finding." Plainly, there is no error in the district court's reliance on admitted facts regarding drug quantity in determining appellant's sentence. *United States v. Antonakopoulos,* 399 F.3d 68, 75 (1st Cir.2005).

For the foregoing reasons, the judgment of the district court is hereby *affirmed.*