# United States Court of Appeals
## For the First Circuit

No. 16-1949

UNITED STATES OF AMERICA,

Appellant,

v.

TRAVIS WINDLEY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Torruella, Lynch, and Kayatta,
Circuit Judges.

Mark T. Quinlivan, Assistant U.S. Attorney, with whom William D. Weinreb, Acting U.S. Attorney, was on brief, for appellant.
Daniel N. Marx, with whom Fick & Marx LLP was on brief, for appellee.

July 21, 2017

**PER CURIAM**.  After Travis Windley pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), the district court sentenced him to ninety-six months' imprisonment, over the government's objection.  The sole issue raised in this ensuing appeal by the government is whether the district court erred in determining that Windley's prior convictions in Massachusetts state court for assault and battery with a dangerous weapon (ABDW) were not convictions for a "violent felony" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B).  That determination makes a difference because two of Windley's other convictions do qualify as violent felonies under ACCA[1]; hence, even one more conviction for a violent felony would have triggered a fifteen-year mandatory minimum sentence.  Id. § 924(e)(1).  In light of our recent opinion in Bennett v. United States, No. 16-2039, slip op. at 54 (1st Cir. July 5, 2017),[2] we affirm.

---

[1]  Both convictions were for Massachusetts assault with a dangerous weapon.  See United States v. Whindleton, 797 F.3d 105, 116 (1st Cir. 2015), cert. dismissed, 137 S. Ct. 23 (2016), and cert. denied, 137 S. Ct. 179 (2016).

[2]  We recognize that questions have recently arisen as to whether the opinion in Bennett should be withdrawn in light of the death of the petitioner in that case.  See Motion for Withdrawal of Court's Opinion, Bennett v. United States, No. 16-2039 (1st Cir. July 13, 2017).  Nevertheless, we cite the opinion here because this panel, after careful consideration, reached the same conclusion about whether reckless offenses qualify as violent felonies under the force clause.  Thus, by citing Bennett, we not only follow precedent that is currently binding but also endorse and adopt its reasoning as our own.

Massachusetts ABDW comes in two forms:  an intentional form and a reckless form.  See United States v. Tavares, 843 F.3d 1, 12 (1st Cir. 2016), reh'g denied, 849 F.3d 529 (1st Cir. 2017).  The parties tell us that Shepard documents relating to Windley's ABDW convictions no longer exist, so those convictions qualify as convictions for violent felonies only if both the intentional and the reckless forms of ABDW are violent felonies, see United States v. Faust, 853 F.3d 39, 51–53 (1st Cir. 2017) (citing, inter alia, Shepard v. United States, 544 U.S. 13 (2005)).  In the wake of the Supreme Court's ruling that ACCA's residual clause is unconstitutionally vague, Johnson v. United States, 135 S. Ct. 2551, 2557 (2015), we limit our inquiry to ACCA's so-called "force clause," which defines as a violent felony any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).  We have already held that intentional ABDW satisfies the identically worded force clause in the definition of a "crime of violence" in the sentencing guidelines.  See Tavares, 843 F.3d at 12–13.  Nevertheless, if reckless ABDW is not a violent felony, we cannot conclude that Windley was convicted of a violent felony.  So framed, the pivotal question is whether Massachusetts reckless ABDW, given its mens rea requirement, has as an element the "use . . . of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).

- 3 -

Bennett held that the Maine offense of aggravated assault does not satisfy the force clause because it can be committed with a mens rea of recklessness. Bennett, slip op. at 7-8, 54. Under the Maine criminal code, which is based on the Model Penal Code, a person behaves recklessly when that person "consciously disregards a risk that the person's conduct will cause" a result that is an element of the crime. Me. Stat. tit. 17-A, § 35(3)(A); see Bennett, slip op. at 7-8. A conviction for aggravated assault in Maine, therefore, only requires proof that the defendant consciously disregarded a risk of causing bodily injury.[3] See Me. Stat. tit. 17-A, §§ 35(3)(A), 208; see also Bennett, slip op. at 13. In Bennett, we reasoned that there is grievous ambiguity as to whether the "use . . . of physical force against the person of another" includes the reckless version of Maine aggravated assault, and that the rule of lenity therefore required us to conclude that it does not. Bennett, slip op. at 3-4, 40-42, 52-54.

The mens rea required for Massachusetts reckless ABDW provides no better fit with ACCA's requirement that force be used

---

[3] At the time of the petitioner in Bennett's conviction, the crime came in three different forms: "intentionally, knowingly, or recklessly caus[ing]: A. Serious bodily injury to another; or B. Bodily injury to another with use of a dangerous weapon; or C. Bodily injury to another under circumstances manifesting extreme indifference to the value of human life." Bennett, slip op. at 7 (quoting Me. Rev. Stat. Ann. tit. 17-A, § 208 (1981)).

against the person of another.  Cf. United States v. Fish, 758 F.3d 1, 9–10 (1st Cir. 2014).  While a conviction for Massachusetts ABDW requires that the wanton or reckless act be committed intentionally, Commonwealth v. Burno, 487 N.E.2d 1366, 1368–69 (Mass. 1986), it does not require that the defendant intend to cause injury, see Commonwealth v. Welansky, 55 N.E.2d 902, 910–12 (Mass. 1944); Commonwealth v. Correia, 737 N.E.2d 1264, 1266–67 (Mass. App. Ct. 2000); see also Fish, 758 F.3d at 10, or even be aware of the risk of serious injury that any reasonable person would perceive, see Welansky, 55 N.E.2d at 910; Commonwealth v. Hall, No. 13-P-0021, 2014 WL 1235920, at *1 & n.1 (Mass. App. Ct. Mar. 27, 2014) (unpublished disposition); Commonwealth v. Cadoff, No. 00-P-0218, 2002 WL 407972, at *1 (Mass. App. Ct. Mar. 15, 2002) (unpublished disposition); see also Bennett, slip op. at 26 n.10. Like Maine's aggravated assault offense, see, e.g., State v. Martin, 916 A.2d 961, 965 (Me. 2007); State v. Pineo, 798 A.2d 1093, 1097–98 (Me. 2002), reckless driving that results in a non-trifling injury has led to convictions for Massachusetts reckless ABDW, see, e.g., Commonwealth v. Green, No. 02-P-0678, 2003 WL 22399532 at *1, *3-4 (Mass. App. Ct. Oct. 21, 2003) (unpublished disposition); Cadoff, 2002 WL 407972, at *1; Commonwealth v. Subenko, No. 99-P-1404, 2001 WL 1473887, at *1, *4 (Mass. App. Ct. Nov. 20, 2001) (unpublished disposition); see also Commonwealth v. Sostilio, 89 N.E.2d 510, 511–12 (Mass. 1949) (upholding a

conviction for reckless manslaughter, which has the same mens rea requirement as reckless ABDW, in a reckless driving case).  These are the types of cases that give rise to grievous ambiguity as to whether the use of physical force against the person of another includes the reckless causation of bodily injury.  See Bennett, slip op. at 40-43.  Thus, following and adopting the sound reasoning of Bennett, we conclude that Massachusetts reckless ABDW is not a violent felony under the force clause.

For the foregoing reasons, we affirm Windley's sentence.