# United States Court of Appeals

## For the First Circuit

No. 16-2039

GEORGE H. BENNETT,

Petitioner, Appellee,

v.

UNITED STATES OF AMERICA,

Respondent, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Barron, Circuit Judge,
Souter, Associate Justice,[*]
and Selya, Circuit Judge.

Margaret D. McGaughey, Assistant United States Attorney, with whom Thomas E. Delahanty II, United States Attorney, was on brief, for appellant.

James S. Nixon, Assistant Federal Defender, with whom Federal Defender Office -- Bangor Branch was on brief, for appellee.

September 5, 2017

[*]Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**PER CURIAM.** On July 5, 2017, this court's opinion issued affirming the district court's decision granting petitioner George H. Bennett's motion pursuant to 28 U.S.C. § 2255. See Bennett v. United States, __ F.3d ___, 2017 WL 2857620. On July 11, 2017, respondent-appellant filed a "Notice of Death," informing this court that Bennett had died on June 30, 2017, before the opinion issued. Respondent-appellant filed a motion for the withdrawal of the July 5, 2017 opinion. Counsel for petitioner-appellee filed an opposition to the motion.

We assume, without deciding, that we had jurisdiction at the time that the opinion issued and that we are not required, because of the post-decision notice of Bennett's death, to withdraw the opinion and vacate the judgment as moot. Compare Robinson v. California, 371 U.S. 905 (1962) (denying, without opinion, motion to abate Court's judgment overturning appellant-defendant's state court conviction where the judgment had issued after appellant's death but before notice to the Court of appellant's death (with three justices dissenting)) and 13B Charles Alan Wright, et al., Federal Practice and Procedure § 3533.1 (3d ed.)("If a case actually is decided before the court learns of an event that mooted the dispute before decision, it is possible to vacate the decision, but this course is not uniformly followed."), with United States v. Juvenile Male, 564 U.S. 932 (2011)(per curiam)(vacating judgment of Ninth Circuit on grounds that appeal had been rendered

moot by events that occurred more than a year before decision issued, but were unknown to the court at time of issuance); see also Independent Living Center of Southern California, Inc. v. Maxwell-Jolly, 590 F.3d 725, 728 (9th Cir. 2009)(stating, in *dicta*, that, even where mooting event occurred before decision issued, but request to dismiss case for mootness was filed after decision issued, "dismissing an appeal after rendering our decision is an exercise within our discretion"); but see  In re Pattullo, 271 F.3d 898, 902 (9th Cir. 2001)(stating that, where court learned of mooting event before mandate issued, "[w]e lack jurisdiction over this case and must accordingly vacate our memorandum disposition and dismiss this appeal"); Commodity Futures Trading Comm'n v. Board of Trade of City of Chicago, 701 F.2d 653, 658 (7th Cir. 1983)(stating that "since mootness is jurisdictional," appeals court was "required" to consider whether suit was moot at the time that appeal court decision issued).

We choose, however, to exercise our discretion to grant the respondent-appellant's motion for withdrawal of our July 5, 2017 opinion because the case is now moot.  Counsel for petitioner-appellee has failed to identify any collateral consequences that continue to flow from the sentence enhancement challenged by petitioner.  In light of petitioner's death, the opinion of July 5, 2017 is withdrawn, and the judgment of the same date is vacated as moot. The case is remanded to the district court with

- 3 -

instructions to dismiss the habeas petition as moot. See Medina v. Chappell, 782 F.3d 1115 (9th Cir. 2015); Griffey v. Lindsey, 349 F.3d 1157 (9th Cir. 2003); Gornto v. MacDougall, 482 F.2d 361 (5th Cir. 1973).

We note that, while the motion for withdrawal of the opinion has been pending, another panel of this court "endorse[d] and adopt[ed]" the "reasoning" of the July 5, 2017 Bennett opinion as its own. See United States v. Windley, 864 F.3d 36, 37 n.2 (1st Cir. 2017). Although that Bennett opinion is withdrawn as moot, it will remain accessible, for the benefit of those who desire to learn in detail the "reasoning" that the Windley decision chose to "endorse and adopt." Id.