# United States Court of Appeals
## For the First Circuit

No. 16-1293

ELAINE BROWN,

Petitioner,

v.

UNITED STATES,

Respondent.

APPLICATION FOR LEAVE TO FILE A SECOND
OR SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

Before

Lynch, Stahl, and Thompson,
<u>Circuit Judges</u>.

<u>Bjorn R. Lange</u> for petitioner.
<u>Seth R. Aframe</u>, Assistant U.S. Attorney, with whom <u>Scott W. Murray</u>, United States Attorney, was on brief, for respondent.

October 12, 2018

**LYNCH**, **Circuit Judge**.  Elaine Brown seeks permission to file a successive motion under 28 U.S.C. § 2255 to vacate her conviction and sentence for possessing a destructive device "during and in relation to" and "in furtherance of" a "crime of violence," in violation of 18 U.S.C. § 924(c).  18 U.S.C. § 924(c)(1)(A).  Brown hopes to argue in the district court that the rule announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and reiterated in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), renders the definition of "crime of violence" under which she was convicted and sentenced void for vagueness under the Fifth Amendment's Due Process Clause.  We deny her application.

I.

Elaine Brown and her husband staged a nine-month-long armed standoff with federal law enforcement in 2007.  United States marshals sought to apprehend the Browns after their convictions for tax evasion.  Heavily armed with firearms, ammunition, and explosives, including pipe bombs, the Browns locked themselves in their New Hampshire house and announced, via Internet radio, that the government lacked authority to arrest them.  The Browns threatened to kill law enforcement who approached the house.

When the standoff ended with the Browns' arrest, Elaine Brown was indicted in the District of New Hampshire on six counts, including: (1) conspiracy to prevent federal officers from

discharging their duties, in violation of 18 U.S.C. § 372;
(2) conspiracy to assault, resist, or interfere with federal
officers, in violation of 18 U.S.C. § 371 and 18 U.S.C.
§ 111(a)(1); and (3) possession of a firearm or destructive device
during and in relation to and in furtherance of a crime of
violence, in violation of 18 U.S.C. § 924(c).  Section 924(c)(3)
defines a "crime of violence" as:

> [A]n offense that is a felony and --
>> (A) has as an element the use, attempted use, or
>> threatened use of physical force against the person
>> or property of another, or
>> (B) that by its nature, involves a substantial risk
>> that physical force against the person or property
>> of another may be used in the course of committing
>> the offense.

18 U.S.C. § 924(c)(3).

At Brown's trial in 2009, the jury was instructed that
the conspiracy counts were "crimes of violence."  Here, the
parties agree that the predicates were found under § 924(c)(3)(B),
which is known as the residual clause.

The jury convicted Brown on all counts, and she was
sentenced to 420 months in prison.  The § 924(c) charge carried a
mandatory minimum sentence of thirty years because it was for
possession of a destructive device.  See id. § 924(c)(1)(B)(ii).

Brown's direct appeal was unsuccessful, United States v.
Brown, 669 F.3d 10, 34 (1st Cir. 2012), cert. denied, 566 U.S.
1017 (2012), as were her earlier § 2255 motions to "vacate, set

aside or correct [her] sentence," 28 U.S.C. § 2255(a); see Brown v. United States, No. 13-CV-21-GZS, 2013 WL 2474683 (D.N.H. June 7, 2013); Brown v. United States, No. 14-1410 (1st Cir. Apr. 22, 2014); Brown v. United States, No. 15-1689 (1st Cir. June 25, 2015). Brown first sought to file this successive motion in March 2016, following the Supreme Court's decision in Johnson. She supplemented her motion this summer after Dimaya.

Before a federal prisoner can file a second or successive § 2255 motion in the sentencing court, the circuit court must give permission. See 28 U.S.C. § 2255(h). As gatekeeper, this court may "authorize the filing of a . . . successive application only if" the application "makes a prima facie showing," id. § 2244(b)(3)(C), that it "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," id. § 2244(b)(2)(A); see id. § 2255(h) (stating that a "successive motion must be certified as provided in section 2244").[1] A prima facie showing is "a sufficient showing of possible merit to warrant a fuller exploration by the district court." Moore v. United States, 871

---

[1] Although § 2244 only states that it applies to § 2254, we have held that § 2244(b)'s requirements also apply to § 2255. See Moore v. United States, 871 F.3d 72, 78 (1st Cir. 2017); see also, e.g., Bennett v. United States, 119 F.3d 468, 469 (7th Cir. 1997) (holding the same).

F.3d 72, 78 (1st Cir. 2017) (quoting Rodriguez v. Superintendent, Bay State Corr. Ctr., 139 F.3d 270, 273 (1st Cir. 1998)).

The question here is whether Brown has made a prima facie showing that Johnson's rule was new and previously unavailable, has been made retroactive by the Supreme Court, and applies to her conviction and sentence under § 924(c)'s residual clause. See id. at 78-80 (describing our approach to evaluating second or successive § 2255 motions).

Johnson held that the residual clause of the Armed Career Criminal Act's (ACCA) definition of "violent felony" was unconstitutionally vague. 135 S. Ct. at 2555-57. ACCA imposes on a defendant a more severe penalty for being a felon in possession of a firearm if he has three or more prior convictions for a "violent felony." 18 U.S.C. § 924(e)(1). In Dimaya, the residual clause of the definition of "crime of violence" at 18 U.S.C. § 16(b) had been used to evaluate a prior conviction in an immigration removal proceeding. 138 S. Ct. at 1211. Applying Johnson's reasoning, Dimaya invalidated § 16(b)'s residual clause, the text of which was identical in relevant part to the text of § 924(c)'s residual clause, quoted above. Id. at 1216.

It is undisputed that Johnson established a new rule of constitutional law that was previously unavailable to Brown and that has been made retroactive to cases on collateral review. See, e.g., Moore, 871 F.3d at 80 (explaining Johnson's novelty,

- 5 -

availability, and retroactivity); see also Welch v. United States, 136 S. Ct. 1257, 1264-65 (2016) (making Johnson retroactive).

Disputed is whether Johnson's rule, reaffirmed in Dimaya, extends to Brown's conviction under § 924(c)'s residual clause. Brown argues that this is reasonably likely because § 924(c)'s residual clause is textually identical in relevant part to § 16(b)'s and is materially the same as ACCA's. The government counters that Johnson's rule cannot reach § 924(c)'s residual clause because that provision demands a case-specific rather than a categorical, or ordinary case, approach to "crime of violence" determinations. This is significant because the Court had applied a categorical approach to both § 16(b)'s and ACCA's residual clauses. As the Court explained in Johnson and Dimaya, the intolerable vagueness of those provisions largely derived from the categorical approach. See Johnson, 135 S. Ct. 2557-58; id. at 2561; Dimaya, 138 S. Ct. at 1213-16; see also Welch, 136 S. Ct. at 1262 ("The vagueness of [ACCA's] residual clause rests in large part on its operation under the categorical approach."). Johnson's rule would not extend to a provision that evaluated crimes of violence using a case-specific approach.

Recently, in United States v. Douglas, No. 18-1129, slip op. at 14 (1st Cir. Oct. 12, 2018) we held that § 924(c)(3)(B) requires a case-specific approach. We rejected a Johnson-based

challenge to that provision. See Douglas, slip op. at 2. After Douglas, we cannot certify Brown's application.

In that decision, we emphasized that the Supreme Court has never applied the categorical approach in a context like § 924(c)'s residual clause. See id. at 25-26. That approach was devised to address practical and Sixth Amendment concerns related to judicial evaluation at sentencing of prior convictions, especially remote prior convictions. See id. at 15-19. But § 924(c) charges are always contemporaneous with the underlying "crime of violence" charges. When predicate charges are contemporaneous, a conduct-specific evaluation by the jury or through the plea hearing is both practical and consistent with the right to a jury trial. See id. at 25-30. We also concluded that the text of § 924(c)(3)(B), and the congressional intent behind that text, indicate a case-specific approach. Id. at 20-25.

In Douglas, we rejected the arguments that Brown advances and that she would advance in the district court. As a result, Brown cannot make the requisite "showing of possible merit to warrant a fuller exploration in the district court." Moore, 871 F.3d at 78 (quoting Rodriguez, 139 F.3d at 273). It is "clear as a matter of law" that Brown could not get relief in the district court under her "identified constitutional rule." See United States v. Evans-García, 744 F.3d 235, 240-41 (1st Cir. 2014) (denying an application where the identified rule was

inapplicable); see also In re Hoffner, 870 F.3d 301, 311 (3d Cir. 2017) (explaining that an application "foreclosed by our precedent" cannot be certified (quoting In re Arnick, 826 F.3d 787, 790 (5th Cir. 2016) (Elrod, J., dissenting))).  We must deny her application.

Brown emphasizes that other circuits have granted petitions like hers.  See Acosta v. United States, No. 16-1492 (2d Cir. June 8, 2018); In re Chapman, No. 16-246 (4th Cir. May 3, 2016); Ruiz v. United States, No. 16-1193 (7th Cir. Feb. 19, 2016); Freeman v. United States, No. 15-3687 (2d Cir. Jan. 26, 2016); In re Pinder, 824 F.3d 977 (11th Cir. 2016).  But these circuits had precedent requiring a categorical approach to § 924(c)'s residual clause.  See, e.g., United States v. Cardena, 842 F.3d 959, 996 (7th Cir. 2016), cert. denied, 138 S. Ct. 247 (2017); United States v. Ivezaj, 568 F.3d 88, 95 (2d Cir. 2009).  So did the circuits that have held § 924(c)(3)(B) to be unconstitutionally vague after Johnson and Dimaya.  See United States v. Salas, 889 F.3d 681, 684-86 (10th Cir. 2018); United States v. Eshetu, 898 F.3d 36, 37 (D.C. Cir. 2018) (per curiam); United States v. Davis, 903 F.3d 483, 486 (5th Cir. 2018) (per curiam); Cardena, 842 F.3d at 996. But see United States v. Taylor, 814 F.3d 340, 379 (6th Cir. 2016) (upholding § 924(c)'s residual clause); United States v. Barrett, 903 F.3d 166, 184 (2d Cir. 2018) (same).  In contrast, before Douglas adopted the case-specific approach to § 924(c)'s residual

- 8 -

clause, this circuit had adopted neither a categorical nor a case-specific approach. See Douglas, slip op. at 15; see also United States v. Turner, 501 F.3d 59, 67 (1st Cir. 2007). Douglas dooms this application.

We would deny Brown's application even absent Douglas. Brown would have to show sufficiently that the categorical approach, and with it Johnson's rule, applies to § 924(c)(3)(B). This is a hurdle she cannot clear. Circuit precedent does not help her. The Supreme Court has never applied Johnson's rule, or the related categorical approach, in a context like this one, involving pending charges, not prior convictions. See Douglas, slip op. at 25; Barrett, 903 F.3d at 181-82. As explained, that approach was designed to address the practical and constitutional problems attendant to evaluating prior convictions at sentencing.

Recognizing all of this, Brown leans on the text, arguing that the Dimaya plurality required a categorical approach to § 924(c)(3)(B) when it commented that § 16(b)'s language was "[b]est read" to "demand[] a categorical approach." Dimaya, 138 S. Ct. at 1217 (plurality opinion). Brown cannot make a prima facie showing that the categorical approach applies based on this statement. For one, § 924(c)(3)(B) might be read differently because it applies to pending, not prior convictions. In addition, this statement garnered only four votes. Justice Gorsuch, the majority's fifth member, "remain[s] open to different

arguments . . . about . . . language like this."  Id. at 1233 (Gorsuch, J., concurring in part and concurring the judgment).[2]

In short, neither the Dimaya plurality, nor other Supreme Court precedent, nor circuit case law require a categorical approach for § 924(c)(3)(B).  Contrast this with Moore, in which we certified a motion arguing that Johnson's rule applied to a sentencing law that used the same language as ACCA's residual clause.  Moore, 871 F.3d at 80.  To make a prima facie showing that Johnson applied to his sentence, Moore needed to demonstrate that this sentencing law, as applied to him, fixed sentences.  Id. The court looked closely at how the Supreme Court and the First Circuit had applied that sentencing law at the time Moore was sentenced, before the Supreme Court made sentencing guidelines advisory in United States v. Booker, 543 U.S. 220 (2005).  Based on this case law, the court determined that Moore had made a prima facie showing that the law could fix sentences and therefore that Johnson applied.  Moore, 871 F.3d at 83-84.  Brown has not made a comparable showing under relevant case law that the categorical approach, and with it Johnson, applies to § 924(c)(3)(B).

_____

[2]   Any suggestion by other circuits that Dimaya implicitly held that § 924(c)(3)(B), like § 16(b)'s residual clause, is unconstitutional depended on binding precedent in those circuits holding that the categorical approach applies.  See Davis, 903 F.3d at 485-86; id. at 486 ("Because the language of the residual clause here and that in § 16(b) are identical, this court lacks the authority to say that, under the categorical approach, the outcome [here and in Dimaya] would not be the same.").

- 10 -

Of course, if the Supreme Court decides that <u>Johnson</u>'s rule applies, or otherwise holds that § 924(c)(3)(B) is constitutionally problematic, then Brown can at that time seek permission to file a new motion. This application, however, does not meet the requirements for certification of a successive § 2255 motion.

II.

We deny certification of Brown's successive motion under 28 U.S.C. § 2255(h).